UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ROBERT SHIVER,                                      Chapter 7

                                                    Case No. 07-11501(MG)
           Debtor,
------------------------------------------------------------x
RICHARD E. O'CONNELL, as Chapter 7 Trustee
of the Estate of Robert Shiver,                     Adv. Proceeding No. 08-01791


           Plaintiff,
v.                                                  ANSWER

ROBERT SHIVER,

           Defendant,
------------------------------------------------------------x

      Defendant ROBERT SHIVER, answering the Complaint herein by his attorney, JEFFREY L. WEINSTEIN, P.C. respectfully alleges on information and belief:

      1.      Debtor admits to the allegations contained in paragraph 1 through 14 of the Complaint.

      2.      Debtor admits information in paragraph 17 with respect to his appearance at four (4) EBT but denies extent that Debtor did not act in good faith to produce documents.

      3.      Debtor denies each and every allegation contained in paragraph 15, 16, and 18 of the Complaint.

      4.      As to paragraph 18, debtor denies that he did not respond fully to the best of his ability to satisfy Trustee's request pursuant to the subpoenas.

5. As to paragraph 19, Debtor denies that he has not provided all requested documents within his possession and control.

6. As to paragraph 20, Debtor denies that he did not provide sufficient records that reflect the extent of Debtor's financial condition.

7. As to paragraph 21, Debtor denies that he did not explain to the best of his knowledge how funds were spent.

8. As to paragraph 22, debtor admits his duty to turn over property of the estate, but denies that he failed to comply with such requests to the best of his ability.

9. Debtor denies information contained in paragraph 23.

10. As to paragraph 24, Debtor denies any improper conduct.

11. As to paragraph 25, Debtor denies allegations the Debtor did not respond to the best of his recollection.

12. As to paragraph 26, Debtor admits statement.

13. As to paragraph 27, Debtor denies intent to provide false or misleading information.

14. As to paragraph 28 and 29, Debtor admits the individual transaction but denies any intent to mislead or misrepresent.

15. As to paragraph 30 and 31, Debtor admits to statement to the transaction but denies that his lack of recall was purposeful or intend to mislead.

16. As to paragraph 32, Debtor admits to statement.

17. As to paragraph 33, Debtor denies testimony was not given in good faith to the best of his ability, based on information and records available.

18. As to paragraph 34, Debtor admits to statement.

19. As to paragraph 35, Debtor lacks information to sufficient to answer.

20. As to paragraph 36, Debtor admits to statement, but asserts that this vehicle is not the same car citied in paragraph 34 and 35.

21. As to paragraph 37, Debtor lacks sufficient information to admit or deny.

22. As to paragraph 38, Debtor denies statement.

23. As to paragraph 39, Debtor denies that his inability to recall certain facts was purposeful, and intended to misrepresent.

24. As to paragraph 40, Debtor denies that statements were made with the intent to mislead, but affirms that statements were made truthfully and in good faith.

25. As to paragraph 41 Debtor denies statements were not made in good faith.

26. As to paragraph 42, 43 and 44 Debtor admits information.

27. As to paragraph 45, Debtor denies that he did not accurately explain circumstances for surrounding Terms of Tahoe Order. However, subsequently, the obligations for the Tahoe has been fully satisfied.

31. As to paragraph 46, 48, 51, 54, 57, 60, 63 and 66 Debtor denies each and every allegation in these paragraphs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Debtor affirms that he has made a good faith effort to respond to Trustees inquires, documents demands and numerous specific questions during the intense four (4) days of depositions.

Prior to and contemporaneously with the filing for personal bankruptcy. Debtor has been associated with no less than eight (8) separate corporate entities where he has served as CEO, an Officer, and/or Board Member.

Due to the complexities of his involvement of these businesses on a daily basis, Debtors ability to recall specific events regarding to disbursements of monies for his personal use has been impaired. These lapses in his ability to recall certain specific events, some events two, three and four years ago, do not represent acts of bad faith, but merely poor or clouded memory. Further, for most of Debtor business and personal financial transactions, Debtor had delegated the duties to manage and conduct his financial matters to various assistants and third parties agents.

However, as the record demonstrates, Debtor has subsequently, provided Trustee with additional funds, addition information in an effort to resolve all outstanding issues, in a concerted effort to satisfy the Trustee's varied objections.

Debtor continues to demonstrate his good faith to resolve any and all outstanding objections to finalize his petition so that the Chapter 7 bankruptcy would be discharged, without prejudice to all creditors.

**WHEREFORE**, the Debtor respectfully requests the court deny all seven (7) of Trustee claims and grant Debtors Petition to Discharge his Chapter 7 Petition.

Dated: New York, New York
June 8, 2009

Truly yours
JEFFREY WEINSTEIN, P.C.
By: _____
Jeffrey L. Weinstein, P.C.
Attorney for Defendant

           Robert Shiver
           225 Broadway, Suite 3800
           New York, New York 10007
           (212) 693-3737

TO: GOLENBOCK EISEMAN ASSORBELL & PESKPE LLP
   By: Michael S. Devorkin, Esq.
   Attorney for the Trustee,
   Richard E O'Connell
   437 Madison Avenue
   New York, New York 10022

## VERIFICATION

STATE OF NEW YORK   )
                              ss.:
COUNTY OF NEW YORK)

The undersigned affirms under penalty of perjury that he is **ROBERT SHIVER**, the Respondent herein; that he has read the foregoing answer and knows the contents thereof; that the same are true to his own knowledge except as to matters stated to be upon information and belief; and as to those matters he believes them to be true.

The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the Respondent.

Dated: New York, New York
June 8, 2009

_____
**ROBERT SHIVER**

Sworn before me on this
8th day of June, 2009

_____
Notary Public

JEFFREY WEINSTEIN
Notary Public, State of New York
No. 02WE5027735
Qualified in New York County
Commission Expires May 16, 20 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**Case No. 07-11501(MG)**
Adv. Proceeding No. 08-01791

---

In re:

**ROBERT SHIVER,**
**Debtor,**

---

**RICHARD E. O'CONNELL, as Chapter 7 Trustee**
**of the Estate of Robert Shiver,**

**Plaintiff,**

v.

**ROBERT SHIVER,**

**Defendant,**

---

**ANSWER WITH VERIFICATION**

---

JEFFREY L. WEINSTEIN, ESQ.
Attorney for
Robert Shiver

Jeffrey L. Weinstein, Esq.
225 Broadway, Suite 3800
New York, NY 10007
(212) 693-3737
Fax: 212 693-2020

---

To

Attorney(s) for
_____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated

Signature————————————————

Service of a copy within
is hereby admitted.
Dated,

---
---