Michael S. Devorkin, Esq.
Jonathan L. Flaxer, Esq.
Dallas L. Albaugh, Esq.
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Phone (212) 907-7300
Fax (212) 754-0330
*Counsel for Richard E. O'Connell, Trustee*

Hearing Date: November 23, 2010
Time: 10:00 a.m.
Obj. Due: November 16, 2010
Time: 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 7
                                                            :   Case No. 07-11501(MG)
ROBERT SHIVER,                                              :
                                                            :
                              Debtor.                       :
                                                            :
------------------------------------------------------------X
RICHARD E. O'CONNELL, as Chapter 7                          :
Trustee of the Estate of Robert Shiver,                     :
                                                            :   Adv. Pro. No. 08-01791
                              Plaintiff,                    :
                                                            :
             - against -                                    :
                                                            :
ROBERT SHIVER,                                              :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S MOTION IN SUPPORT OF ENTRY OF ORDER DISMISSING THE CHAPTER 7 TRUSTEE'S ADVERSARY PROCEEDING SEEKING DENIAL OF DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Richard E. O'Connell, Chapter 7 Trustee for the estate of Robert Shiver (the "Trustee"), by and through his undersigned attorneys, files this motion (the "Motion") in support of approval

*513685v1*

of the proposed Stipulation and Order[1] dismissing the Trustee's adversary proceeding seeking denial of the Debtor's discharge pursuant to 11 U.S.C. § 727.

1. On May 10, 2007 (the "Petition Date"), Robert Shiver (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor on May 17, 2007, accepted his appointment, duly qualified, and is acting as Chapter 7 Trustee of the Debtor's estate.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

4. The statutory predicates for the relief sought herein are Section 727 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4007-2.

## BACKGROUND

5. On December 18, 2008, the Trustee filed a complaint against the Debtor seeking a denial of the Debtor's discharge pursuant to Sections 541, 727(a)(2), (3), (4), (5) and (6) of the Bankruptcy Code and Bankruptcy Rules 7001(4) and 7003 (the "Adversary Proceeding"). A copy of the Trustee's complaint (the "Complaint")[2] initiating the Adversary Proceeding is attached hereto as **Exhibit A**. In essence, the Complaint alleges that the Debtor (i) withheld, destroyed or failed to account for recorded information relating to the Debtor's property and

---

[1] On or about October 26, 2010, the Debtor and the Trustee executed the proposed Stipulation and Order Authorizing Dismissal of the Adversary Proceeding pursuant to Bankruptcy Rule 7041.

[2] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Complaint.

financial affairs, including his dealings with his various business entities; (ii) failed to adequately account for the disposition of cash withdrawals; (iii) failed to satisfactorily account for his pre-petition financial affairs, including the status and resolution of tax liabilities, and the disposition of a vehicle owned by one of the Debtor's business entities for which the Debtor was liable on a lease as a guarantor; and (iv) failed to comply with a stipulated Order which required that the Debtor make $15,000 of payments for a 2004 Tahoe. The Complaint asserts claims under Sections 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and 727(a)(6)(A) of the Bankruptcy Code.

6. The Debtor filed his answer (the "Answer") to the Complaint on June 8, 2009. A copy of the Answer is attached hereto as **Exhibit B.** The Answer denies the material allegations of the complaint. Furthermore, the Answer provides as an affirmative defense that the Debtor has made a good faith effort to respond to the Trustee's inquiries, documents demands, and numerous specific questions during four days of depositions conducted pursuant to Bankruptcy Rule 2004.

7. As is set forth in the Trustee's status letters dated as of September 22, 2009 and November 19, 2009 (together, the "Status Letters") to the Court regarding the Adversary Proceeding, subsequent to the commencement of the Adversary Proceeding, the Debtor provided additional information and documentation to the Trustee, and the Trustee reported that he was optimistic that the Adversary Proceeding could be resolved amicably. Copies of the Status Letters are attached hereto as **Exhibit C.** For the reasons set forth below, the Trustee has concluded that entry of the proposed Stipulation and Order ("Stipulation and Order") dismissing the Adversary Proceeding is appropriate at this time. A copy of the proposed Stipulation and Order is attached hereto as **Exhibit D.**

8.    Except for resolution of the Adversary Proceeding, the administration of the estate is essentially complete.[3] As a result, primarily, of the settlement (*O'Connell v. Cathryn Shiver et al.*, Adv. Pro. No. 08-01584 (the "Shiver Family Settlement")), the Trustee believes that there will be a distribution to unsecured creditors in this case.

## FACTUAL BACKGROUND SUPPORTING RELIEF REQUESTED

9.    After further investigation and obtaining additional information from the Debtor, as outlined below, the Trustee has concluded that the dismissal of the Adversary Proceeding is warranted and in the best interest of the Debtor's creditors. Balancing the factors at issue, including the litigation risk attendant to pursuing the Claims alleged in the Complaint, the Debtor's cooperation to date, the cost of litigation, and the impact of further delaying resolution of the Chapter 7 case, weighs in favor of dismissal of the Complaint.

10.    The outcome of the litigation is uncertain. The Trustee has alleged seven Claims in the Adversary Proceeding. The first two Claims alleged in the Complaint (objections to discharge based on Section 727(a)(2)(A) and (B) of the Bankruptcy Code) require the Trustee to prove the Debtor's intent to "hinder, delay, or defraud a creditor or an officer of the estate." *See Pereira v. Gardner (In re Gardner)*, 384 B.R. 654, 663-664 (Bankr. S.D.N.Y. 2008). The Debtor disputes the Trustee's allegations outlined in paragraphs 25 through 33 of the Complaint. Although it is clear that the Debtor withdrew cash prior to the Petition Date and was unable to recall certain transactions and checks, the Trustee has the burden of establishing that the Debtor made these transfers with the intent to hinder or delay his creditors. The Debtor denies these allegations and has stated that these withdrawals or expenditures were used to pay his living expenses or to support his family or his girlfriend. In fact, further discovery and informal

---

[3] The Trustee challenged New York State's assessment of the 2009-2010 Estate taxes and is waiting for a response from the State.

513685v1                                                    4

discussions, including the deposition of the Debtor's girlfriend, Jamie Kelly, have supported the Debtor's position.

11.  The Trustee's Third, Fifth, and Sixth Claims (under Sections 727(a)(3), (a)(4)(D), and (a)(5) of the Bankruptcy Code) are premised on the Trustee's allegations that the Debtor did not maintain sufficient records of his financial affairs and that he did not sufficiently explain loss or deficiency of assets. Subsequent to the commencement of the Adversary Proceeding, however, the Debtor provided the Trustee with additional documentation and explanation regarding his pre-petition financial affairs. One area of importance to the Trustee was resolution of the Debtor's outstanding tax obligations. Over the last year, the Debtor complied promptly and fully with the Trustee's requests to provide the Trustee and his accountants with the information and documentation necessary to contest, reduce and resolve the disputed federal and state (New York and New Jersey) tax claims, and to prepare certain of the Debtor's and his estate's tax returns. The Debtor also coordinated with his own accountants and the Trustee to ensure that the Debtor's personal returns for years prior to 2007, which had not been filed, were filed, enabling the Trustee to reach final resolution of estate tax issues and fulfill the terms of the settlement agreement settling the litigation of the Shiver Family Settlement. Additionally, documentation provided by the Debtor facilitated the Shiver Family Settlement.

12.  As set forth in his Answer, the Debtor has provided explanations for his inability to produce certain records or explain certain dispositions of assets, including moving out of his home when he separated from his wife, the bankruptcy filings of the Debtor Entities in 2005 and subsequent sale of those businesses, including financial records, to a third party purchaser, and the Debtor's reliance on personal assistants to maintain his financial records. In pursuing his Claims, it is likely that the Trustee would have to produce evidence proving that the Debtor's

records were inadequate based on the facts of the Debtor's case. The outcome of such an inquiry is uncertain, which, when coupled with the fact that the Debtor has voluntarily provided the Trustee with additional documentation and explanations, weighs in favor of dismissal of the Adversary Proceeding.

13.  The Trustee's Seventh Claim (Section 727(a)(6)(A) of the Bankruptcy Code) is based upon the Debtor's failure to comply with the Stipulation and Order approving the 2004 Tahoe Settlement (Main Case, Dkt. No. 71) ("Initial Tahoe Order") arising from the Debtor's failure to make payments due thereunder. The Debtor's position is that he was unable to continue making the payments under the Initial Tahoe Order based on his financial situation. Subsequent developments in the case provide support to the Debtor's explanation. Subsequent to the commencement of the Adversary Proceeding, the Debtor entered into a second stipulation and order, which addressed the 2004 Tahoe and the non-exempt petition-date balance at Citibank, N.A. (Main Case, Dkt. No. 86) ("Turnover Order and Stipulation"), wherein, among other things, the Debtor agreed to make the payments on the 2004 Tahoe as well as on account of a $13,267.94 petition-date balance at Citibank, N.A., which the Debtor admitted was non-exempt cash in the 2004 Turnover Order and Stipulation. Pursuant thereto, the Debtor did make the $13,267.94 payment, and the Debtor coordinated with his son, Douglas Shiver, who paid the $9,000 that was outstanding under the Initial Tahoe Order. The Debtor has advised the Trustee that he was initially unable to make these payments, but did make them as soon as he was able, and it is uncertain that the Trustee would prevail on establishing that the Debtor's delay in making the payments was based on the Debtor's refusal, rather than his inability to make the payments required. Eventually the Debtor was able to make the payments required by the

Orders, and the Debtor has continuously maintained that he needed additional time to fund the required payments.

14. The final ground for discharge alleged in the Complaint – the fourth claim alleged -- is that the Debtor knowingly or fraudulently, in or in connection with the case, made a false oath or account (Section 727(a)(4)(A) of the Bankruptcy Code). Proving this claim requires the Trustee to establish (i) knowledge or fraudulent intent on the part of the Debtor; and (ii) that the false oath or account was material to the bankruptcy case. 11 U.S.C. § 727(a)(4)(A); *Pereira v. Gardner*, 384 at 667; *Swicegood v. Ginn,* 924 F.2d 230, 232 (11th Cir. 1991). The Trustee alleged that at his July 16, 2008 deposition, the Debtor testified that shortly after certain of the Debtor Entities filed for bankruptcy in July of 2005, a 2004 Land Rover (the "2004 Land Rover") that was leased by one of the Debtor Entities and that the Debtor and members of his family were driving at the time, was returned to the car dealership. However, the lessor, JPMorgan Chase Bank, N.A. ("JPMorgan"), filed motion papers on September 20, 2007 in which it alleged that it had been unable to repossess the 2004 Land Rover. In addition, it was reported in the New York Post that the Debtor was involved in an automobile accident while driving a Land Rover on November 18, 2008. Subsequent to the commencement of the Adversary Proceeding, the Trustee entered into further discussions with the Debtor regarding the 2004 "Land Rover." The Land Rover leased by the Debtor entities was a 2004 Land Rover Range Rover. The Debtor explained that the "Land Rover" mentioned in the New York Post was a 2002 Land Rover Discovery that the Debtor purchased post-petition. The Debtor provided the Trustee with additional information substantiating his explanation. In addition, the Debtor still maintains that one of his sons returned the 2004 Land Rover to a dealership in Woodbridge, New

513685v1                                     7

Jersey. Thus, the Debtor's explanation is arguably consistent with his deposition testimony, and it is not clear that the Trustee can establish otherwise at a trial.

15.     Based on the foregoing, counsel for the Trustee concluded that dismissal of the Complaint is appropriate and requests that the Court enter an order approving dismissal of the action. Pursuant to Local Bankruptcy Rule 4007-2(a),[4] and in support of this Motion, the Debtor and the Debtor's counsel have each executed affidavits confirming that no consideration has been promised or given by the Debtor to the Trustee, directly or indirectly, for the Trustee's agreement to stipulate to dismissal of the Adversary Proceeding. A copy of Robert Shiver's Local Rule 4007-2(a) Affidavit is attached hereto as **Exhibit E** and a copy of Jeffrey Weinstein, Esq.'s[5] Local Rule 4007-2(a) Affidavit is attached hereto as **Exhibit F**.

## LEGAL BASIS FOR THE RELIEF REQUESTED

16.     The Trustee requests that the Court approve the Motion and enter an Order dismissing the Adversary Proceeding pursuant to Bankruptcy Rule 7041, which incorporates Rule 41 of the Federal Rules of Civil Procedure[6] with one addition that is applicable to objections to discharge under Section 727 of the Bankruptcy Code. In relevant part, Bankruptcy Rule 7041 authorizes dismissal of objections to discharge upon Court order:

> Rule 41 F.R. Civ. P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

---

[4] Local Bankruptcy Rule 4007-2(a) provides: *Withdrawal of Complaint.* In the event of the withdrawal of a complaint objecting to discharge or failure to prosecute an adversary proceeding objecting to discharge, no discharge shall be granted unless the debtor shall make and file an affidavit and the debtor's attorney shall make and file a certification that no consideration has been promised or given, directly or indirectly, for the withdrawal or failure to prosecute.

[5] Jeffrey Weinstein, Esq. represents the Debtor in the Adversary Proceeding.

[6] Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared.

17.     "Special rules . . . govern the dismissal of complaints seeking denial of discharge." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996). Bankruptcy Rule 7041 provides the Court with the ability to dismiss a discharge complaint upon "terms and conditions which the court deems proper." FED. R. BANKR. PRO. 7041; *In re Chalasani*, 92 F.3d at 1310. "This rule allows the bankruptcy court to tailor its order of dismissal to ensure that the dismissal was not obtained improperly . . . [and i]t also allows the trustee and other creditors to oppose dismissal of the original complaint." *Id.*

18.     A discharge objection raises public policy considerations, and therefore a discharge objection "is not a proper subject for negotiation and the exchange of a *quid pro quo*." *Id.* However, courts in the Second Circuit also weigh the countervailing public interest "in encouraging the just, speedy, inexpensive, and final resolution of disputes." *Id.* at 1311. Accordingly, reconciliation of the competing public policy considerations is achieved by providing notice of the dismissal of a discharge objection to all creditors, and providing the creditors with an opportunity to be substituted for the original plaintiff pursuant to Bankruptcy Rule 7025. *Id.*

19.     One of the primary situations that the courts view with skepticism is where the complaining creditor agrees to dismiss its objection to discharge in exchange for a settlement payment that benefits only the complaining creditor. *In re Babb*, 346 B.R. 774, 779 (E.D. Tenn. 2006). Such settlements are "highly disfavored" resolutions of discharge proceedings. *Id.* However, in this case, the Trustee, not a creditor, was the party that commenced the Adversary Proceeding for the benefit of the Debtor's estate and creditors. After thorough inquiry and careful consideration, the Trustee concluded that continuation of the Adversary Proceeding is not in the best interests of the Debtor's estate and creditors. The Debtor is <u>not</u> providing the Trustee

with consideration in exchange for dismissal of the Adversary Proceeding. To the contrary, as is set forth herein, the Debtor has cooperated with the Trustee, and provided the Trustee with additional information and documentation. Moreover, the Debtor has complied with the Court's Orders as set forth above. There is no guarantee that the Trustee would prevail in the Adversary Action, and an important policy goal in Chapter 7 proceedings is the prompt liquidation of available assets. These factors weigh in favor of the Trustee's Motion. *See, Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 720 (Bankr. D.N.J. 1997)("In Chapter 7 proceedings, liquidation is to be accomplished as rapidly as possible consistent with 'obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation'")(citations omitted).

20. The Trustee has implemented an important safeguard in order to make sure that that Adversary Proceeding is not dismissed improvidently without notice to a creditor that may wish to pursue the Adversary Proceeding. In both the Motion and Notice of the Motion, the Trustee has expressly informed creditors and parties in interest that they may seek to intervene in the action and seek to be substituted in as plaintiff in the Adversary Proceeding provided that such notice of intent to intervene is filed by the deadline for objections to the Motion.[7] This notice was provided in the context of the Motion, which provides complete disclosure regarding the reasons for which the Trustee seeks to dismiss the Adversary Proceeding. Therefore, the interests of the Debtor's creditors are protected, and the Motion should be granted in the absence of any request to intervene. *See, Hass v. Hass*, 273 B.R. 45, 55 (Bankr. S.D.N.Y. 2002); *In re Chalasani*, 92 F.3d at 1313 (remedies provided for by Bankruptcy Rule 7041 to creditors that

---

[7] Moreover, the Debtor's largest creditors, Edward Wharton and Janet Geismar, have obtained an order from the Court holding that their claim against the Debtor in the amount of $3,013,000 plus applicable interest, costs and disbursements is not dischargeable and is not discharged against the Debtor. (*Wharton v. Shiver*, Adv. Pro No. 07-03070, Dkt. No. 21 entered December 3, 2008).

relied on discharge complaint must be implemented in the order dismissing the action or "very shortly thereafter"); *see, also, Jones v. Buzzeo,* 315 B.R. 243, 245 (Bankr. D. Conn. 2004)("'Chalasani notice' . . . is intended [to] alert parties that they have an opportunity to object to a proposed dismissal of a § 727 action and seek to continue its prosecution.")

21.     Under the circumstances of this Adversary Proceeding, the Trustee submits that providing the Debtor's creditors with notice of this Motion and the ability to be substituted in as plaintiff in this action meets the requirements of Bankruptcy Rule 7041, and the public policy considerations weigh in favor of the prompt resolution of this Adversary Proceeding. Subsequent to commencing the Adversary Proceeding, the Trustee's attorneys engaged in numerous communications with the Debtor regarding his financial affairs and the allegations set forth in the Complaint. The Debtor has voluntarily complied with Court orders, and provided additional explanations regarding his financial affairs. Swift resolution of the Adversary Proceeding will enable the Trustee to make prompt distributions to the Debtor's creditors and bring this Chapter 7 case to conclusion. Accordingly, it is respectfully submitted that the Motion should be granted.

## NOTICE

22.     The Trustee is serving Notice of the Motion and the Motion upon: (i) the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's creditors; and (v) parties that have filed a Notice of Appearance in the Debtor's Chapter 7 case. The Trustee submits that, under the circumstances, such service is good and sufficient notice.

23.     No previous motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** The Trustee respectfully requests that the Court "So-order" the proposed Stipulation and Order attached hereto as **Exhibit D** and grant such other relief as is just and proper.

Dated: New York, New York
October 29, 2010

                                      GOLENBOCK EISEMAN ASSOR
                                          BELL & PESKOE LLP
                                      437 Madison Avenue
                                      New York, New York 10022
                                      (212) 907-7300


                                      By   /s/ Michael S. Devorkin
                                            Michael S. Devorkin, Esq.
                                            Jonathan L. Flaxer, Esq.
                                            Dallas L. Albaugh, Esq.